J-A11031-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT |
| --- | --- |
| Appellee | OF PENNSYLVANIA |
| v. | |
| LARRY RICHARD WOODAL JR. | |
| Appellant | No. 1920 MDA 2018 |

Appeal from the Judgment of Sentence imposed May 23, 2018
In the Court of Common Pleas of the 39th Judicial District
Franklin County Branch
Criminal Division at No: CP-28-CR-0001467-2015

BEFORE:  BOWES, OLSON, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                **FILED AUGUST 27, 2019**

Appellant, Larry Richard Woodal Jr., appeals from the judgment of sentence of the Court of Common Pleas of the 39th Judicial District, Franklin County Branch, imposed on May 23, 2018.  Upon review, we affirm.

The trial court summarized the factual and procedural background as follows.

> At a four-day trial on March 22 through March 27 of 2018, the jury heard evidence that [Appellant] fired multiple rifle shots at two Pennsylvania State Troopers on July 17, 2015, in Franklin County, Pennsylvania, and thereafter convicted [Appellant] of multiple felony offenses.[1]   [The trial court] imposed an aggregate sentence of 70 to 140 years' incarceration on May 23, 2018.

---

[1] Two counts of assault of law enforcement officer by discharging a firearm (18 Pa.C.S.A. § 2702.1(a)), two counts of aggravated assault (18 Pa.C.S.A. § 2702(a)(2), two counts of attempted murder (18 Pa.C.S.A. §§ 901, 2501(a),

On June 1, 2018, [Appellant] filed a "Post-Sentence Motion Requesting Evidentiary Hearing, Appointment of New Counsel and New Trial," wherein [Appellant]'s trial counsel claimed his own ineffectiveness for failing to object at trial to the playing of a recorded 911 call. By oral motion at the evidentiary hearing on October 4, 2018, [Appellant] also raised the issues of sufficiency and weight of the evidence. By Order and Opinion entered October 18, 2018, [the trial court] denied [Appellant]'s Post-Sentence Motion in its entirety.

On November 19, 2018, [Appellant] filed the instant Notice of Appeal. On November 20, 2018, [the trial court] directed [Appellant] to file a Concise Statement of Matters Complained of on Appeal;[2] [Appellant] timely complied on December 11, 2018.

Trial Court Opinion, 12/13/18, at 1-2.

In his appellate brief, Appellant abandons the sufficiency and weight of the evidence claims, and focuses only of the ineffective assistance of counsel (IAC) claim.

Before we can address the merits of the claim, we must determine preliminarily whether a claim for IAC is reviewable by this Court at this procedural juncture.

---

two counts of aggravated assault (18 Pa.C.S.A. § 2702(a)(3)), two counts of aggravated assault (18 Pa.C.S.A. § 2702(a)(4)) (18 Pa.C.S.A. § 2702(a)(6)); and two counts of recklessly endangering another person (18 Pa.C.S.A. § 2705).

[2] In his Rule 1925(b) statement, Appellant challenged the effectiveness of trial counsel (*i.e.*, failure to object to admission of 911 recoded call), and generally challenged the sufficiency (intent element) and the weight of the evidence supporting his convictions despite having been convicted of multiple crimes.

As noted by the trial court, this Court cannot review a claim for ineffective assistance of counsel at this stage. Trial Court Opinion, 10/18/18, at 19. In **Commonwealth v. Holmes**, 79 A.3d 562 (Pa. 2013), our Supreme Court reaffirmed the general principle that IAC claims must be deferred to collateral review. **See Commonwealth v. Grant**, 813 A.2d 726 (Pa. 2002). Notwithstanding this general rule, the Supreme Court created two limited exceptions, both falling within the trial court's discretion. The **Holmes** Court summarized the two exceptions as follows:

> First, we appreciate that there may be extraordinary circumstances where a discrete claim (or claims) of trial counsel ineffectiveness is apparent from the record and meritorious to the extent that immediate consideration best serves the interests of justice; and we hold that trial courts retain their discretion to entertain such claims.
>
> . . . .
>
> Second, with respect to other cases and claims, including cases such as **Bomar**[3] and the matter *sub judice,* where the defendant seeks to litigate multiple or prolix claims of counsel ineffectiveness, including non-record-based claims, on post-verdict motions and direct appeal, we repose discretion in the trial courts to entertain such claims, but only if (1) there is good cause shown, and (2) the unitary review so indulged is preceded by the defendant's knowing and express waiver of his entitlement to seek PCRA review from his conviction and sentence, including an express recognition that the waiver subjects further collateral review to the time and serial petition restrictions of the PCRA. In other words, we adopt a paradigm whereby unitary review may be available in such cases only to the extent that it advances (and exhausts) PCRA review in time; unlike the so-called **Bomar** exception, unitary review would not be made available as an

---

[3] **Commonwealth v. Bomar**, 826 A.2d 831 (Pa. 2003).

accelerated, extra round of collateral attack as of right. . . . . This exception follows from the suggestions of prior Court majorities respecting review of prolix claims, if accompanied by a waiver of PCRA review.

*Holmes*, at 563-64 (footnotes omitted).[4]

Here, the trial court did not find the claim to be meritorious and apparent from the record so as to require immediate vindication. Additionally, Appellant did not allege any "good cause" for seeking unitary review of his ineffectiveness claim and did not state he intended to waive collateral review. Thus, neither of the exceptions outlined in *Holmes* is applicable here. The instant claim, therefore, is not reviewable on this direct appeal. *Holmes*, 79 A.3d at 563-64; *see also Commonwealth v. Britt*, 83 A.3d 198, 204 (Pa. Super. 2013) (IAC claim not reviewable on direct appeal because claim was not apparent from record and appellant did not waive PCRA review).

---

[4] The Supreme Court summarized the impact of *Holmes* on *Grant* and *Bomar* as follows:

> [W]e hold that *Grant*'s general rule of deferral to PCRA review remains the pertinent law on the appropriate timing for review of claims of ineffective assistance of counsel; we disapprove of expansions of the exception to that rule recognized in *Bomar;* and we limit *Bomar,* a case litigated in the trial court before *Grant* was decided and at a time when new counsel entering a case upon post-verdict motions was required to raise ineffectiveness claims at the first opportunity, to its pre-*Grant* facts.

*Holmes*, 79 A.3d at 563.

The trial court, however, despite Appellant's patent failure to address ***Holmes*** at any stage, addressed the merits of Appellant's contention.[5]  We are mindful that ultimately the determination whether to entertain an IAC claim at this stage is within the trial court's discretion.  ***Holmes***, ***supra***.  Accordingly, we will address the IAC claim.[6]

Appellant claims that trial counsel was ineffective because he failed to object to the admission of a 911 recorded call containing "a number of statements from which a reasonable juror could conclude that . . . Appellant has formed the intent to harm or shoot residents, and the police if they arrived at the scene."  Appellant's Brief at 13.[7]  Appellant summarily argues that the

_____

[5] While not stated or explained anywhere, it would appear that the trial court treated the instant IAC claim as falling within the first ***Holmes*** exception ("extraordinary circumstances where a discrete claim (or claims) of trial counsel ineffectiveness is apparent from the record and meritorious to the extent that immediate consideration best serves the interests of justice").

[6] The Commonwealth, similarly to Appellant, nowhere discuss ***Holmes*** and its consequences.

[7] The challenged statements can be found at lines 8-13, 86-87, and 132-134 of the transcript of the 911 call.  Appellant's Brief at 13-14.

> Hi. Um, I was calling because I had just, uh, spoke to my mom the and I'm actually in Carlisle and she lives, um, off the Scotland exit, um,   the Navy base in Letterkenny. And she said that her neighbor is shooting his guns and threatening to kill himself and he's really drunk right now he, um – he said if anybody calls the police that he's going to harm them she is really – she, she wants to leave but she's afraid to get in her vehicle[.]

- 5 -

claim has arguable merit because those statements constituted hearsay within hearsay,[8] that counsel had no reasonable basis for not objecting to the statements, and that he was prejudiced by counsel's conduct. *Id.* at 15.

_____

Hearing, 9/21/18, Commonwealth's Exhibit 1, Transcript of 911 Call, lines 8-13. Further,

> he said if the police show up there that he's gonna shoot the
> police and he's gonna – he's gonna shoot himself.

*Id.* at lines 86-87. Finally,

> Um, so I just wanted to call and give you guys a heads up and he
> is threatening to s – he said all of his guns are loaded and if the
> cops show up he was gonna shoot the cops and so I just wanted
> to let you know.

*Id.* at lines 132-134.

[8] The argument in support of the arguable merit prong, consists of the following sentence:

> The complexity of Pa.R.Evid. [sic] 803, 804, and 805 discussing
> "hearsay within hearsay" multiple levels of hearsay, and multiple
> hearsay exceptions possibly applicable to those multiple levels,
> makes it clear that an objection at trial in this matter would have
> had 'arguable merit'.

Appellant's Brief at 15.

Inexplicably, instead of arguing that no exception to the hearsay rule was applicable here, Appellant acknowledged that multiple hearsay exceptions were potentially applicable to those statements. Somehow, in Appellant's view, this acknowledgment makes his IAC claim one of arguable merit. Specifically, Appellant did not explain how he could object to the admission of the recorded call by offering one or more grounds for its admissibility.

- 6 -

Nowhere did Appellant address the reasons provided by the trial court for denying his IAC challenge, as articulated in response to Appellant's post-sentence motion and Rule 1925(b) statement. In other words, Appellant argues that the trial court erred in disposing of his IAC claim but failed to explain in what way the trial court's reasoning was erroneous. Because Appellant failed to develop any argument, we are compelled to conclude that Appellant is not challenging the trial court's reasoning. Accordingly, we adopt the trial court's findings and analysis on this matter. Briefly, the trial court found that the IAC claim had no arguable merit because the statements at issue were admissible under several exceptions to the general rule prohibiting the admission of hearsay. Specifically, the court found that the statements made by Appellant, as reported by caller's mother, were admissible as an opposing party's statement; statements made by the mother to the caller were admissible as a present sense impression; and, statements made by the caller were admissible as excited utterance. **See** Trial Court Opinion, 10/18/18, at 25-28. Absent any argument to the contrary,[9] we are unable to conclude Appellant met his burden to establish an IAC claim.

The trial court also found that Appellant failed to show he suffered prejudice from counsel's failure to object to the admission of the recorded 911

_____

[9] As noted above, not only did Appellant not refute the trial court's analysis, but Appellant also acknowledged that there were exceptions to the hearsay rule potentially applicable to the statements at issue here.

call. The trial court noted, "In describing the 911 as 'the best, and maybe the only evidence of formation of intent . . .,' [Appellant] appears to be attempting to distinguish between <u>direct</u> and <u>circumstantial</u> evidence of intent. Certainly, the 911 call is <u>some</u> direct evidence of his intent. However, it is by far neither the best nor the only evidence of [Appellant]'s intent." *Id.* at 29 (emphasis in original).

The trial court went on to address the other facts establishing Appellant's intent:

> [T]he Commonwealth presented evidence of [Appellant]'s intent . . . well beyond the 911 call. Most damning was the MVR [vehicle's dashboard camera] recording from the police vehicle which captured in real time [Appellant] standing on his porch and raising his rifle upon the troopers' approach, refusing the troopers' commands to drop his weapon, taking cover inside the door to his trailer, firing the first shot at the troopers, switching rifles at one point, continuing to aim and fire, and finally stopping only when he was himself shot by the troopers and disabled. The MVR was not only a compelling visual replay of the events in question, but also corroborated the credible testimony of [the troopers]. The jury was also presented with physical evidence (*inter alia*, multiple rifles of various calibers, various spent shell casings and live rounds, a shotgun), the expert testimony of [the firearm and toolmark examiner], [the trooper who responded to the request for assistance by fellow trooper], [treating paramedic], and [Appellant]'s statement that he was glad that he shot [a trooper] and he hoped he died.

*Id.* 29-30.

The trial court, in light of the foregoing, concluded, "Considering the ample and even overwhelming evidence in this case, we cannot find that for the admission of the 911 call, the outcome at trial would have been different." *Id.* at 30. We agree. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>08/27/2019</u>